HENRY F. TURNER, Judge pro tem.
Plaintiffs brought this suit to recover from the six defendant fire insurance companies for a loss sustained by virtue of a fire which occurred December 29, 1961, to a business owned and operated by plaintiff Wayne E. Sims. The six insurance companies had issued policies covering fur---niture, fixtures, and equipment in the aggregate amount of $40,300.00; $8,550.00 the aggregate amount for food, liquor, and soft drinks; and $8,550.00 for improvements and betterments. Plaintiff Joseph Cutrera claims $24,000.00 out of the $40,-300.00 as loss-payee by virtue of a mortgage on equipment alleged to have been lost in the fire.
Joseph Cutrera leased the second floor of a building located at 6408 Hayne Boulevard in the City of New Orleans from Mrs. Ferdinand Lafon, with an endorsement permitting him to sublease it to Wayne E. Sims for the purpose of operating a restaurant and bar. The date of the lease was October 13, 1961, and after having made the necessary repairs and refurbishing of the premises, Sims opened for business on November 30, 1961. At the time of the lease, Sims bought some restaurant equipment from Mrs. Lafon for a stated price of $2,500.00. He also bought from Joseph Cutrera some furnishings and equipment for a stated price of $24,000.00, for which he gave his promissory note. He alleged that Dimiceli Construction Company performed work on the refurbishing and repair of the building for the sum of $10,675.00. As a result of the fire he claimed $13,305.00 for the loss of the equipment purchased from Mrs. Lafon; $40,300.00 for loss of the equipment, including that purchased from Cutrera; $8,550.00 for full loss of his stock of food, liquor, soft drinks, etc.; and $8,500.00 for loss of betterments and improvements.
In due course, he submitted his proof of loss to the General Adjustment Bureau, representing the insurance companies, and when it recommended that the claim not be paid, this suit followed. For defense to the suit, the defendants set up that the policies were obtained through willfully concealing of material facts and circumstances; by false and fraudulent representation; by false swearing by the insured relating thereto, and that the insured made further false and fraudulent misrepresentations in *165 their estimates of loss submitted following the fire. Each of the fire policies contain the following clause:
“This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.”
The judge of the district court, after hearing the evidence, came to the conclusion that the defenses were valid and dismissed plaintiffs’ suit at their costs. In dismissing plaintiffs’ suit, the judge gave his reasons as follows:
“It is the opinion of the Court that the policies of insurance sued upon herein are void because the plaintiffs were guilty of willfully concealing of material facts and circumstances concerning the policies of insurance and of false and fraudulent misrepresentations made in their proofs of loss, and, that the policies of insurance were procured by the plaintiffs with the intent to defraud and, accordingly, plaintiffs’ suit will be dismissed at plaintiffs’ costs.”
The case hinges on questions of fact, and the rule is too old and ingrained in our jurisprudence to necessitate the citation of authority to the effect that unless the judge of the lower court was manifestly erroneous or abused his discretion in questions of fact, his findings will not be disturbed. The district judge tried this case at great length and heard all of the witnesses and had occasion to appraise their worthiness and credibility, as well as their demeanor and interest. We have read the testimony and feel that the findings based on the record, the exhibits filed in evidence, and the testimony of the witnesses fully justify his judgment in this case.
We think it will suffice to cite a few of the inconsistencies, contradictions, inflations, and suspicious circumstances upon which the district judge no doubt reached his decision. In this connection we wish to state that arson was neither alleged nor proved.
The fire from which this claim arose occurred in the early hours of December 29, 1961. Two of the aforementioned insurance policies were obtained on December 27, 1961; the other four were obtained on December 11, 1961. The policies, incidentally, were not lost in the fire but were safely reposed in the glove compartment of Wayne E. Sims’ automobile. A number of other documents favorable to plaintiffs’ case were strangely not destroyed by the fire. But such documents as the inventory, daily cash sales, expenditures, etc., which provisions of the policies required be kept in an iron safe (which iron safe was on the premises), were not in the iron safe and were destroyed. These documents doubtlessly would have mitigated against plaintiffs’ case.
The construction contract with Dimiceli (Dimiceli was Cutrera’s first cousin) showed a payment of only $1,500.00, and Dimiceli testified first that this was paid on December 8 and December 22, which was one to three weeks after the business was opened. He later realized the absurdity of this testimony and changed it.
Another suspicious circumstance is that the equipment purchased from Cutrera was the same equipment that had been totaled out by this adjusting company in another fire in July 1961 and which was sold back to the claimant, Mr. Calderara (another cousin of Cutrera) for $1,000.00. Cal-derara, in turn, claims that he sold it, as far as the record shows, without expending anything whatever to reclaim or repair it, for $12,000.00, and that Cutrera then sold it to Sims for $24,000.00.
There is no showing that anything was done to the equipment purchased from Mrs. Lafon for $2,500.00, on which an actual cash value following the loss was claimed in the amount of $13,305.00. Mrs. Lafon *166 testified that she was “very, very thankful to get the sum of $2,500.00 for the equipment”, as it had been in the building for quite a number of years.
The plaintiffs called a witness, whom they sought to qualify as an expert, who testified that shortly before the fire he made an appraisal of the property subsequently lost in the fire, but he was very vague and indefinite as to why he made it, and by his testimony showed conclusively that he did not examine the property and at one point stated that he did not feel like butting into their business and nosing around their property, so to speak.
Another suspicious circumstance of plaintiff Sims’ testimony is the way in which he handled his finances. For a man to be in a new business, he appeared to know very little about the daily receipts and how much inventory he had on hand at the time of the fire. We are convinced from the testimony that the claim for loss of inventory is completely inflated. He didn’t know how much money he had to start with.
It is well settled that fraud and false swearing with1 intent to deceive and defraud an insurance company in the event of a loss by fire voids the policy. Alfred Hiller Co. v. Insurance Co. of North America, 125 La. 938, 52 So. 104, 32 L.R.A.,N.S., 453; Regnier v. Louisiana State Marine & Fire Insurance Co., 12 La. 336; Schmidt v. Philadelphia Underwriters, 109 La. 884, 33 So. 907; Claflin v. Commonwealth Insurance Co. of Boston, Mass., 110 U.S. 81, 3 S.Ct. 507, 28 L.Ed. 76; Tenore v. American & Foreign Insurance Co., 7 Cir., 256 F.2d 791.
Appleman’s Insurance Law and Practice, Vol. 4, Section 2601 provides:
“A false and fraudulent representation as to the value of goods insured will annul the contract, particularly where the insurer relies upon such statement in entering into the contract. Thus, a gross exaggeration of the value or substantial misstatement will relieve the insurer of all liability thereunder. And even though such overvaluation is not considered to furnish conclusive proof of fraud, it does raise a very strong presumption thereof.”
Plaintiff Cutrera has sought to distinguish his position as to the insurance companies from that of Sims. He contends that an innocent loss-payee’s rights cannot be prejudiced by acts of the insured.
We find this principle correct but inapplicable. The record amply demonstrates that Sims and Cutrera worked hand in hand in establishing the business, buying the equipment, and pressing the claim for loss in the fire. Cutrera is thus prejudiced, not by acts of the insured, but by his own act.
For these reasons, we think the judgment of the lower court is correct and it is therefore affirmed
Affirmed.